```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


JOHN DOE,                      )
        Petitioner,             )
                                )  Civ. Action No. 18-12266-PBS
        v.                      )
                                )
YOLANDA SMITH, et al.,          )
        Respondents.            )
```

**ORDER ON MOTIONS TO SEAL
AND PROCEED UNDER PSEUDONYM**

November 5, 2018

SARIS, C.D.J.

Petitioner seeks to file his habeas petition under seal and to proceed with this action anonymously, citing real fear of physical danger to Petitioner and his family should the fact of this suit become known. See ECF Nos. 6, 7. The habeas petition was initially filed with the Court without containing Petitioner's true identity and indicated that Petitioner would move for permission to proceed anonymously after attempting to confer with the government. Petitioner's counsel avers that she contacted an Assistant United States Attorney concerning these matters by telephone and email and has not received a response as of November 1, 2018. The Clerk's Office opened this action as Doe v. Tompkins, et al., C.A. 18-12266-PBS and a service order issued.

As a general matter, cases filed in this court are a matter of public record. The Federal Rules of Civil Procedure require a case caption setting forth a title containing "the names of all the parties." Fed. R. Civ. P. 10(a). This requirement serves the public's important interest in open judicial proceedings. See Doe v. Public Citizen, 749 F.3d 246, 273 (4th Cir. 2014) (rejecting company's request to litigate anonymously); see also Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000) (rejecting sex offenders request to proceed under pseudonym in order to prevent widespread disclosure of his sex offender status).

"[P]ermitting a party to proceed anonymously may be warranted in 'exceptional circumstances,' such as 'matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" Patrick Collins, Inc. v. Does 1-38, 941 F.Supp.2d 153, 161 (D. Mass. 2013) (Gorton, J.) (citations omitted). The test for determining whether a plaintiff may proceed anonymously is whether there is a substantial privacy right which outweighs the "'customary and constitutionally-embedded presumption of openness in judicial proceedings.' It is the exceptional case in which a plaintiff may proceed under a fictitious name." Doe v. Bell Atlantic Business Sys. Servs. Inc., 162 F.R.D. 418, 420

2

(D. Mass. 1995) (Gorton, J.) (citations omitted). Moreover, it is within a court's discretion to allow a plaintiff to proceed anonymously. Id. (denying request of plaintiff alleging sexual assault to proceed anonymously).

Courts do permit parties to proceed under pseudonyms in "certain limited circumstances," particularly where a petitioning party can demonstrate "significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name." Nat'l Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989). "Courts are more likely to permit plaintiffs to proceed under a pseudonym when they are pursuing a claim against the government rather than a private individual." International Refugee Assistance Project v. Trump, 2017 WL 818255, at *3 (D. Md. 2017) (citing Doe v. Alger, 317 F.R.D. 37, 41 (W.D. Va 2016)).

Petitioner has expressed a legitimate fear that exposing his name publicly could lead to physical harm. The court finds that Petitioner has offered good and compelling reasons that support his request to proceed under a pseudonym. These reasons substantially outweigh the presumption of public access.

Accordingly, this Court hereby orders that:

1. The Motion [ECF No. 7] for leave to file exhibit [ECF No. 1-40] under seal is allowed. Petitioner shall submit under

seal to the clerk a copy of Exhibit [ECF No. 1-40], which the clerk is directed to file under seal.

2. The Petitioner's Motion [ECF No. 6] to proceed under pseudonym {ECF No. 6] is granted. The grant of this motion is subject to future consideration of the issue upon motion of any party or by the court <u>sua</u> <u>sponte</u>.

3. The parties will refer to Petitioner by the pseudonym, "John Doe," in all filings; will redact Petitioner's true name from all documents filed on the public docket; and will redact all personally identifying information from all filings in accordance with Fed. R. Civ. P. 5.2; and

4. Any nonparty who is informed of Petitioner's identify shall be provided a copy of this Order by the disclosing party and shall also be subject to this Order.

SO ORDERED.

          /s/ Patti B. Saris
          PATTI B. SARIS
          CHIEF UNITED STATES DISTRICT JUDGE