```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
_____
                                       )
JOHN DOE,                              )
                                       )
                  Petitioner,          )
                                       )       Civil Action
             v.                        )       No. 18-12266-PBS
                                       )
STEVEN TOMPKINS, Suffolk County        )
Sheriff; YOLANDA SMITH,                )
Superintendent of Suffolk County       )
Correctional Facility; TODD LYONS      )
Immigration and Customs                )
Enforcement, Enforcement and           )
Removal Operations, Acting Field       )
Office Director,                       )
                                       )
                  Respondents.         )
_____)
```

**MEMORANDUM AND ORDER**

February 12, 2019

Saris, C.J.

Petitioner John Doe, an eighteen-year-old undocumented alien born in El Salvador, has been in U.S. Immigration and Customs Enforcement ("ICE") custody since August 20, 2018. He has a pending claim for asylum, alleging he fled persecution by gang members at the age of fifteen. ICE is detaining him pursuant to 8 U.S.C. § 1226(a) while his removal proceedings are pending. At his custody redetermination hearing, the immigration judge placed the burden on Doe to prove his eligibility for release on bond and declined to release him. The immigration

judge found that Doe failed to prove that he is not dangerous because he has a pending charge in state court for assault and battery and a Department of Homeland Security gang report indicated that there is reasonable suspicion to believe he is affiliated with MS-13. The gang report documents an alleged fight between Doe and a rival gang member and instances in which the police have seen Doe with other suspected MS-13 members. Doe challenges the allocation of the burden of proof at his custody redetermination hearing under the Due Process Clause. The Government has moved to dismiss the habeas petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

In Pensamiento v. McDonald, this Court held that due process requires that the Government bear the burden to prove an alien's dangerousness or flight risk at a § 1226(a) custody redetermination hearing. 315 F. Supp. 3d 684, 692 (D. Mass. 2018). The Government argues that the Third Circuit's recent decision in Borbot v. Warden Hudson County Correctional Facility, 906 F.3d 274 (3d Cir. 2018), throws this holding into doubt. It does not. Borbot involved an alien detained under § 1226(a) who sought a second custody redetermination hearing at which the Government bore the burden of proof after he had been detained for more than a year during removal proceedings. Id. at 276-77. The Third Circuit rejected the alien's habeas petition

on the basis that the duration of detention did not create a due process problem that required a new hearing in which the burden of proof shifts to the Government. Id. at 280. Because the alien did "not challenge the adequacy of his initial bond hearing," the court did not directly address whether due process requires that the Government bear the burden of proof at an initial § 1226(a) custody redetermination hearing. Id. at 276-77.

This Court has held that an alien has to show that the misallocation of the burden of proof could have affected the outcome of the custody redetermination hearing. Pensamiento, 315 F. Supp. 3d at 693; see also Singh v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011) (applying the same standard). The Government urges that the alien should have to prove that the misallocation would have made a difference. This high burden is inappropriate in the context of claims of improper allocations of the burden of proof in immigration bond hearings. The interest at stake, namely freedom from physical restraint, "lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). And if the immigration judge denies bond, the alien may remain in detention for months and possibly years. See Jennings v. Rodriguez, 138 S. Ct. 830, 860 (2018) (Breyer, J., dissenting) (stating that class members had been detained for periods ranging from six months to 831 days while pursuing asylum).

Under this standard, Doe has shown prejudice from the misallocation of the burden of proof at his custody redetermination hearing. Significantly, at a hearing on February 8, 2019 on his pending assault and battery charge, the East Boston District Court suppressed the victim's identification of Doe as the assailant. The suppression of this identification lowers the probative value of this pending charge in demonstrating Doe's dangerousness. Even before this suppression, Doe was released on his own recognizance by the state criminal court. Although Doe was arrested separately for carrying a knife larger than permitted by city ordinance, the charge was dismissed prior to arraignment, and he has no convictions on his record. With respect to the gang report, as Doe's expert explains, a federal regulation permits the inclusion in the gang database of information on suspects for whom there is only "reasonable suspicion" of criminal conduct or activity. 28 C.F.R. § 23.20. "Reasonable suspicion" is not tantamount to probable cause. See Alabama v. White, 496 U.S. 325, 330 (1990). As a result of the suppression of the identification, the Court concludes that a shift in the burden of proof could have made a difference in the immigration judge's dangerousness analysis.

Doe has raised multiple other constitutional issues concerning his custody redetermination hearing which the Court does not address because the proper allocation of the burden of

proof could well resolve this case. In addition, Doe has brought two claims seeking an order requiring ICE to transport him to hearings on his pending state court charge. Since Doe initiated this lawsuit, ICE has made him available for transport to his hearings. The Court therefore dismisses these claims as moot.

## ORDER

For the foregoing reasons, the Government's motion to dismiss (Dkt. No. 18) is **ALLOWED** as to Counts I and II and **DENIED** as to Count III. The petition for writ of habeas corpus (Dkt. No. 1) is **ALLOWED** as to Count III. The Court **ORDERS** that the immigration court hold a new custody redetermination hearing within seven calendar days. The immigration court shall properly allocate the burden of proof and consider alternative methods to ensure the safety of the community and Doe's future appearances like GPS monitoring.

SO ORDERED

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge